UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANDON RODRIGUEZ,

    Plaintiff,

v.                                        Case No.: 2:23-cv-1102-SPC-KCD

KEVIN RAMBOSK, SLR NAPLES
CORP., STERGIOS TALLIDES,
DAVID B. DRUCKS, BLAINE T.
BARBUTO, MATTHEW PEREZ,
MICHAEL CHAPMAN and
DELIANYS MORERA,

    Defendants.
_____/

## ORDER

Plaintiff Brandon Rodriguez was allegedly beaten and falsely arrested outside a bar in Naples, Florida. (Doc. 50.)[1] He has sued the individual officers involved in his arrest (Drucks, Barbuto, Perez, Chapman and Morera), their employer (Sheriff Rambosk), and the bar owner (Tallides and SLR Naples Corp.) Defendants have moved to dismiss the complaint on various grounds. (Docs. 53, 54.) And now they ask the Court to stay discovery "pending resolution of the . . . Motions to Dismiss." (Doc. 56 at 1.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

A district court has broad discretion to stay proceedings "as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion includes the ability to stay discovery if a movant establishes good cause and reasonableness. *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-T-23JSS, 2016 WL 520031, at *1 (M.D. Fla. Feb. 9, 2016). But staying discovery pending a motion to dismiss is the exception, not the rule. This is because suspending discovery for an indefinite period "tend[s] to delay resolution of cases." *Fetchick v. Eslinger*, No. 6:15-CV-96-ORL-28TBS, 2016 WL 8929252, at *1 (M.D. Fla. Jan. 11, 2016).

In deciding whether to stay discovery pending the resolution of a motion, the court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). In balancing these considerations, "it is necessary for the [c]ourt to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652-53. A "motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008).

The Court will not stay discovery here. While the latest complaint indeed appears deficient on several fronts, there is no clear indication that the claims

are entirely baseless. Plaintiff alleges, among other things, that he was "continuously punched, pushed, struck, kicked, and choked" while handcuffed. (Doc. 50 ¶ 29.) These facts present a Fourth Amendment claim no matter what defenses are offered, including qualified immunity. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1333 (11th Cir. 2008). Given this case should proceed in some form, Defendants have not "satisf[ied] the high standard required to stay discovery pending the resolution of a dispositive motion." *Markle v. Markle*, No. 8:22-CV-511-CEH-TGW, 2023 WL 1797171, at *2 (M.D. Fla. Feb. 7, 2023); *see also Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *2 (S.D. Fla. Nov. 9, 2012) (rejecting stay where "the Court [could] not say that [the] case is surely destined for dismissal"); *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (rejecting stay where "there [was] sufficient reason to question whether Defendants' Motion will prevail on all claims").

Defendants emphasize that Rodriguez is pursuing onerous discovery far afield from his actionable claims. (Doc. 56 at 3.) For example, "despite the lack of any allegations of the Sheriff's personal involvement in the . . . arrest or prosecution," Rodriguez has demanded his "personnel file, all text messages [he] received on November 29, 2020, [and] the complete call log from the cell phones [he] used." (*Id.*) These discovery requests are indeed disconcerting when juxtaposed with the allegations against Sheriff Rambosk. But the Court

3

is not inclined to pause discovery across the board as a response. Such concerns are better addressed through individualized motion practice.

Accordingly, Defendants' Motion to Stay Discovery (Doc. 56) is **DENIED**. **ORDERED** in Fort Myers, Florida on August 30, 2024.

*Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record