UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANDON RODRIGUEZ,
VINCENT RODRIGUEZ,

            Plaintiffs,

    v.

KEVIN RAMBOSK, DAVID B.
DRUCKS, BLAINE T. BARBUTO,
BRIAN SUDANO, MATTHEW
PEREZ, MICHAEL CHAPMAN,
DELIANYS MORERA,

            Defendants,

Case No. 2:23-cv-1102-KCD-KRH
Case No. 2:23-cv-1103-KCD-KRH
(consolidated)

## **ORDER**

This Court is set to try a consolidated civil-rights action brought by two brothers, Vincent and Brandon Rodriguez, against Collier County Sheriff Kevin Rambosk and several of his deputies. The dispute stems from a messy encounter outside a Naples bar back in November 2020. That night ended with both brothers in handcuffs and, for Vincent, pepper spray in a holding cell.

With only days until trial, Plaintiffs have decided to narrow the scope of their case. Using Fed. R. Civ. P. 41(a)(2), they seek to voluntarily dismiss all of Brandon's claims, along with Vincent's holding-cell claims against the jail deputies. (Doc. 142.) If granted, the trial would shrink from a sprawling

dispute involving multiple incidents to a single, focused question: whether the arresting deputies had probable cause to detain Vincent outside the bar. Defendants oppose the motion, prompting the Court to decide whether Plaintiffs may trim their case at this hour and what conditions, if any, must attach.

Once a case gets through the opening gate, a plaintiff cannot simply pick up his marbles and go home. Under Rule 41(a)(2), after a defendant has filed an answer or a motion for summary judgment, a plaintiff may voluntarily dismiss an action "only by court order, on terms that the court considers proper." *Id.*[1] Whether to allow dismissal, and what terms to attach, rests firmly in the district court's "broad discretion." *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001).

But that discretion is guided by a strong preference for letting plaintiffs control their own case. "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice." *Id.* "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

What counts as clear legal prejudice is a practical inquiry. The "crucial question" is whether the defendant would "lose any substantial right by the dismissal." *Pontenberg*, 252 F.3d at 1255. The "mere prospect" of facing a subsequent lawsuit doesn't cut it. *Id.* Instead, the court "weigh[s] the relevant equities and do[es] justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Arias v. Cameron*, 776 F.3d 1262, 1269 (11th Cir. 2015). And when a plaintiff offers to dismiss claims with prejudice, as here, the calculus is even simpler. In that scenario, the defendant gets exactly what he wants: a permanent victory on those claims with no threat of a do-over.

Applying those principles here, the decision to allow the dismissal is easy. The Court will grant Plaintiffs' motion and dismiss Brandon's claims and Vincent's holding-cell claims with prejudice. As discussed, a dismissal with prejudice hands Defendants a permanent victory on these counts. Because they face no risk of a do-over, they suffer no clear legal prejudice.

But there is a catch. Plaintiffs do not just want out; they want out for free. They ask the Court to condition the dismissal on a guarantee that each side will bear its own fees and costs. (Doc. 142 at 4-5.) That is a bridge too far. Litigation has real-world costs, and timing matters. Plaintiffs waited until the eleventh hour—the week before trial—to trim this massive, multi-count complaint down to size. Up to this point, the defense was forced to expend

3

time and resources preparing to defend a sprawling trial involving multiple deputies and two distinct sets of allegations. To let Plaintiffs unilaterally pull the plug now and simultaneously insulate themselves from the financial consequences of Defendants' trial preparation strikes the Court as profoundly unfair.

But if Plaintiffs are asking for a preemptive shield, Defendants are reaching just as hard for a preemptive sword. They ask the Court to go a step further and affirmatively crown them the "prevailing parties" on these dismissed claims. (Doc. 146 at 4.) The Court declines the invitation. The dismissal happens today, but the accounting comes later. If Defendants wish to seek costs or fees, they may file the appropriate motions after trial. The Court will determine prevailing-party status, and whether anyone writes a check, at that time.

To be clear, the Court is not deciding today that Defendants are entitled to their fees or costs. Prevailing defendants in civil rights cases face a steep climb to recover attorney's fees. *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978). Whether Defendants can clear that high bar is a question for another day. The point is simply that they retain the opportunity to try.

Defendants request two additional conditions. First, they ask the Court to order Brandon to make himself available for trial without a subpoena.

4

(Doc. 146 at 6.) Plaintiffs seemingly agree to this condition (Doc. 142 at 4), and it is otherwise appropriate. Because keeping Brandon accessible prevents any evidentiary prejudice to Defendants, the Court will make his appearance a condition of dismissal.

Second, Defendants want a guarantee that they can introduce evidence of Vincent's unruly behavior in the jail holding cell. (Doc. 146 at 7.) They suspect this is the real reason for Plaintiffs' sudden retreat: a tactical maneuver designed to keep the jury from seeing Vincent's bizarre post-arrest conduct. (*Id.*) The Court can certainly see Defendants' point after watching the videos. But even assuming the worst of Plaintiffs' motives, the Court declines to hand Defendants a free pass around the usual evidentiary hurdles. Whether Vincent's behavior in the jail is relevant to his remaining false-arrest claims—and whether it survives the usual balancing tests under the Federal Rules of Evidence—is a bridge to cross at trial. If Defendants move to admit such evidence, the Court will weigh its relevance and potential for prejudice at that time.

It is thus **ORDERED**:

1.      Plaintiffs' Motion for Voluntary Dismissal With Prejudice (Doc. 142) is **GRANTED** as set forth above. All claims are dismissed with prejudice except for Vincent's false-arrest and false-imprisonment claims in Counts I-IV.

2.    The Court declines to tie this dismissal to any preemptive guarantee regarding fees and costs. No decision on that issue is made today. Following the conclusion of this lawsuit, either party remains free to seek attorney's fees or costs to the extent allowed by law.

3.    Brandon Rodriguez is ordered to make himself available as a witness for the trial without the need for a subpoena.

4.    The Court makes no ruling at this time regarding the admissibility of Vincent's post-arrest conduct at the jail.

5.    The Court is directed to terminate Brandon Rodriguez as a party, and this case will proceed on the claims denoted.

**ENTERED** in Fort Myers, Florida on July 9, 2026.

Kyle C. Dudek
United States District Judge